# MANDATE

D.Conn.
00-cr-263
Hall, J.

FILED

## United States Court of Appeals
FOR THE
SECOND CIRCUIT

2005 APR 29 P 2: 48

U.S. DISTRICT COURT
NEW HAVEN, CT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 1ST day of APRIL, two thousand and five,

Present:
    Hon. Wilfred Feinberg,
    Hon. Robert D. Sack,
    Hon. Robert A. Katzmann,
        *Circuit Judges.*



United States of America,

           Appellee-Cross-Appellant,        03-1727-cr (L)
                                                   03-1779-cr (Con)
v.                                                              04-2737-cr (Con)

David L. Burden, also known as Quinten, also
known as Sid, Kelvin Burden, also known as
Waffle, also known as Uncle, also known as Unc,
Jermaine Buchanan, and David M. Burden,

                       Defendants-Appellants-Cross-Appellees.

The Government moves for a limited remand as to Appellants David L. Burden, Jermaine Buchanan, and David M. Burden pursuant to this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). The Government also seeks an extension of time to respond to Appellant Kelvin Burden's claims on appeal. Upon due consideration, it is ORDERED that the motion is GRANTED. On remand, the district court is directed to consider whether, under the Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S.Ct 738 (2005), the sentences originally imposed on David L. Burden, Jermaine Buchanan, and David M. Burden would have been nontrivially different and, if so, to resentence. *See Crosby*, 397 F.3d at 118. This Court's Clerk's Office shall issue the mandate forthwith, pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). Jurisdiction over the appeal will be automatically restored to this Court, without the need for a new notice of appeal, if the parties notify this Court's Clerk's Office within ten days of the district court's decision. Appellant may avoid resentencing by promptly notifying the district court that resentencing is not sought. Upon

ISSUED AS MANDATE: 4-4-05

receipt of notification by any party of renewal of the appeal, the Clerk's Office will enter a scheduling order.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: _____
Oliva M. George, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
DEPUTY CLERK

SAO CAD

D. Conn.
00-cr-263
Hall, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the \ST day of APRIL, two thousand and five,

Present:
    Hon. Wilfred Feinberg,
    Hon. Robert D. Sack,
    Hon. Robert A. Katzmann,
        *Circuit Judges*.



---

United States of America,

        Appellee-Cross-Appellant,

    v.

David L. Burden, also known as Quinten, also known as Sid, Kelvin Burden, also known as Waffle, also known as Uncle, also known as Unc, Jermaine Buchanan, and David M. Burden,

        Defendants-Appellants-Cross-Appellees.

03-1727-cr (L)
03-1779-cr (Con)
04-2737-cr (Con)

THE MANDATE, CONSISITNG OF ITEMS BELOW, HAS BEEN RECEIVED
( ) OPINION ( ) STATEMENT OF COSTS
( ) ORDER

RECEIVED BY:_____ DATE____
RETURN TO CIVIL TEAM

---

The Government moves for a limited remand as to Appellants David L. Burden, Jermaine Buchanan, and David M. Burden pursuant to this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). The Government also seeks an extension of time to respond to Appellant Kelvin Burden's claims on appeal. Upon due consideration, it is ORDERED that the motion is GRANTED. On remand, the district court is directed to consider whether, under the Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S.Ct 738 (2005), the sentences originally imposed on David L. Burden, Jermaine Buchanan, and David M. Burden would have been nontrivially different and, if so, to resentence. *See Crosby*, 397 F.3d at 118. This Court's Clerk's Office shall issue the mandate forthwith, pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). Jurisdiction over the appeal will be automatically restored to this Court, without the need for a new notice of appeal, if the parties notify this Court's Clerk's Office within ten days of the district court's decision. Appellant may avoid resentencing by promptly notifying the district court that resentencing is not sought. Upon