UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:00CR263 (JHC) |
| | : | |
| v. | : | |
| | : | |
| DAVID M. BURDEN, (DMX) | : | JULY 20, 2005 |

**MEMORANDUM IN SUPPORT OF DEFENDANT
DAVID M. BURDEN'S SUBMISSION FOR RESENTENCING**

**I. BACKGROUND:**

The Defendant, David M. Burden, was presented before the Court on November 24, 2003 and sentenced to 292 months on Counts One, Two, Fourteen, Fifteen and Sixteen. In addition, the Defendant was sentenced to ten years concurrent on Counts Nine and Ten. Finally, he was sentenced to Five Years consecutive on Count Seventeen.

During the pendency of Mr. Burden's case and appeal, the United States Supreme Court handed down its decision in United States v. Booker, _____ U.S. _____, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005).

The Booker decision dictates that the sentencing guidelines are merely advisory and that a Sentencing Court must consider the Sentencing Commission's intent as just one of several salient factors, see 18 U.S.C. Sec. 3553 (a)(5)(A), in determining whether to impose a Guideline Sentence or a Non-Guideline Sentence and the length of such sentence.

The Defendant has enclosed a copy of his sentencing transcript dated November 24, 2003 and would ask the Court to please consider this with his submission.

1

The Defendant, in light of <u>Booker</u> and the following argument, would submit that the Court has the discretion to resentence and to significantly depart downward due to his proven extraordinary moral rehabilitation.

## II. ARGUMENT:

The Sentencing guidelines provide:

> "a Court may impose a sentence outside the range established by the applicable guidelines if the Court finds 'that there exists a mitigating circumstance of a kind or a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that would result in a sentence different than that described in the guidelines.'" Sentencing guideline Section 5K2.0.

On page Fourteen of the Sentencing Transcript, the Government acknowledges that the Court has the discretion to depart based on extraordinary rehabilitation. The Government, however, argued that the Defendant in this matter did not offer evidence of extraordinary rehabilitation.

The Court did not significantly depart downward in Mr. Burden's case. As one of the reasons for declining to do so, the Court noted that Mr. Burden did not start his rehabilitation until after the Burdens were under investigation. (See sentencing transcript p. 29).

Counsel would acknowledge that it is quite easy to recognize that the Government might be cynical as to Mr. Burden's motives prior to sentencing.

Mr. Burden is currently serving his sentence in Otisville, New York. His rehabilitation, be it morally, spiritually or religious, has advanced in a dramatic fashion.

Mr. Burden has become a Deacon who has just delivered his first sermon as such entitled "Who's Going to Praise God Tonight?"

He has been described to counsel as a man who is at church as soon and as often as the doors open.

He conducts and attends Bible Studies at the facility three to four times a week.

He is described as a man at peace, who has dramatically affected a number of inmates at the facility.

In addition to the foregoing, he has received a degree and certificate for air conditioning and refrigeration.

Counsel would note from experience that there have been numerous defendants that find God or are rehabilitated until they are sentenced. After sentencing, this fervor is often lost.

Mr. Burden's rehabilitation is legitimate and forthcoming.

None of the above facts were brought to counsel's attention by Mr. Burden, but were brought about by investigation and interviews.

Mr. Burden is not blowing his own horn, but has and is extraordinarily rehabilitated.

In light of Booker, and the above, the Defendant, through counsel, would ask this Court to reevaluate his sentence.

THE DEFENDANT, DAVID M. BURDEN

By: _____
Atty. Timothy P. Aspinwall  -  ct #03452
3200 Main Street
Stratford, CT  06614
Tel: (203) 377-7348
FAX: (203) 378-1836
E-mail: atty.aspinwall@sbcglobal.net

## CERTIFICATION

This is to certify that the foregoing has been mailed, postage prepaid, on July 20, 2005 to the following:

**Original sent to:**

Clerk, U. S. District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT  06604

**Copy sent to:**

Judge Janet C. Hall
U. S. District Court
915 Lafayette Boulevard
Bridgeport, CT  06604

Assistant U. S. Attorney Robert M. Appleton
United States District Court
915 Lafayette Boulevard
Bridgeport, CT  06604

Timothy P. Aspinwall