UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :
                                  :          CRIMINAL NO.
v.                                :          3-00-cr-263 (JCH)
                                  :
DAVID M. BURDEN                   :          JANUARY 25, 2006
(a/k/a David "DMX" Burden)

**RULING RE:  RESENTENCING [Dkt. No. 1733]**

By Order filed April 22, 2005 [Dkt. No. 1728], the Second Circuit remanded this

case to this court for further proceedings in conformity with U.S. v. Crosby, 397 F.3d

103 (2d Cir. 2005).  The Crosby decision requires this court to consider whether it

would have imposed "a materially different sentence, under the circumstances existing

at the time of the original sentence, if [it] had discharged [its] obligations under the Post-

Booker/Fanfan regime, and counsel had availed themselves of their new opportunities

to present relevant considerations, . . ." .  Id. at 117.  Thus, if this court would have

imposed essentially the same sentence, even while treating the Sentencing Guidelines

as advisory under U.S. v. Booker, 125 S.Ct. 738 (2005), and after considering all the

factors listed in 18 U.S.C. § 3553(a), then the Sixth Amendment error inherent in the

prior use of mandatory Sentencing Guidelines would be harmless.  However, if this

court determines that, treating the Guidelines as advisory and considering all of the

factors under § 3553(a), it would have imposed a non-trivially different sentence then

that originally imposed, then the court must schedule a full re-sentencing under Rule 32

of the Federal Rules of Criminal Procedure.

In response to the Remand Order, the court ordered on June 21, 2005 [Dkt. No.

1733], that the parties file written submissions on the question of whether this court

would have imposed a non-trivially different sentence if the Sentencing Guidelines had

been advisory, and it had been allowed to consider all of the factors in § 3553(a).  In

response to that Order, the government and the defendant each filed a Memorandum,

(see Dkt. Nos. 1744 and 1747).

    The court is familiar with the Booker and Crosby decisions.  In addition, the court

presided at the trial of this matter and has a present recollection of the trial and the

evidence presented there.  Further, the court has reviewed the Pre-Sentence Report,

the sentencing transcript, and the two memorandums and material submitted post-

remand.  Finally, the court is familiar with all the factors set forth at 18 U.S.C. §3553(a).

    David M. Burden was originally sentenced principally to 352 months

imprisonment upon his conviction by a jury of RICO, RICO conspiracy, VCAR

conspiracy to murder, VCAR attempted murder, a conspiracy to possess with intent to

distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of

cocaine base, and four counts of possession with intent to distribute, and possession of

a firearm by a felon in connection with a drug transaction.

    After consideration of all of the §3553(a) factors, including treating the

Guidelines as a factor that is not mandatory, as well as the prior record, including the

pre-sentence report and the recently filed Memoranda, it is this court's conclusion that it

would have imposed a materially (i.e. non-trivially) different sentence, under the

circumstances at the time of the original sentence, had the Booker decision been

decided at that time.  Therefore, the court orders a re-sentencing in this case, which is

scheduled for **FEBRUARY 23, 2006 at 2:00 p.m.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of January, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge