# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**AMENDED** (Booker/Crosby)
## JUDGMENT IN A CRIMINAL CASE

**UNITED STATES OF AMERICA**

    v.

**DAVID BURDEN aka DMX, Grady, X**

CASE NO. **3:00cr263-04JCH**

**Stephen Reynolds**, Assistant U.S. Attorney

**Timothy Aspinwall, (appointedt)**
Defendant's Attorney

The defendant was found guilty of counts one, two, nine, ten, twelve, fourteen, fifteen, sixteen and seventeen of the third superseding indictment.  Accordingly, the defendant is adjudged guilty of these count(s) , which involve the following offenses:

Title & Section: **18:1962(c)**                                    Count: **one**
Nature of Offense: **Racketeering (RICO)**
Date Offense Concluded: **04/05/01**

Title & Section: **18:1962(d)**                                    Count: **two**
Nature of Offense: **Racketeering Conspiracy**
Date Offense Concluded: **04/05/01**

Title & Section: **18:1959(a)(5)**                                 Count: **nine, ten**
Nature of Offense: **Violent Crime in Aid of Racketeering (VCAR)**
Date Offense Concluded: **04/05/01**

Title & Section: **21:841(a)(1),(b)(1)(A) & 846**                  Count: **twelve**
Nature of Offense: **Conspiracy to Possess With Intent to Distribute More Than 50 Grams of Cocaine Base**
Date Offense Concluded: **04/05/01**

Title & Section: **21:841(a)(1), (b)(1)(B)**                       Count: **fourteen, fifteen, sixteen**
Nature of Offense: **Possession With Intent to Distribute and Distribution of More Than 5 Grams of Cocaine Base**
Date Offense Concluded: **04/05/01**

Title & Section: **18:924(c)(1)**                                  Count: **seventeen**
Nature of Offense: **Use of a Firearm in Connection With a Drug Trafficking Offense**
Date Offense Concluded: **04/05/01**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of:  Two hundred and four months each, on counts one, two, twelve, fourteen, fifteen and sixteen; 112 months each, on counts nine and ten, all terms  to run concurrent , and a term of 60 months imprisonment on Count seventeen to run consecutive,  for a total term of imprisonment of 264 months.

**SUPERVISED RELEASE**
In addition to the Mandatory and Standard Conditions of Supervised Release attached,  the following  Special Conditions of Supervised Release are imposed. Upon release from custody,  the defendant shall be on supervised release for a term of five  years each, on counts one, two, twelve, fourteen, fifteen and sixteen and three years on counts nine, ten and seventeen, all terms of supervised release are to run concurrent:
      1. The defendant shall obtain substance abuse treatment and in-patient or out-patient counseling as deemed necessary by the U.S. Probation Officer which shall include random testing. The defendant shall pay all, or a portion of, the costs of supervised release as determined appropriate by the probation officer.
      2. The defendant shall not possess a firearm or other destructive device.

Title & Offense: **21:853F and 21:841(a)(1) & 846**                                        Count: **24**
Nature of Offense: **Forfeiture**

The jury found in favor of forfeiture on Count 24 of the third superseding indictment. On August 1, 2003, the Court issued a Final Order of Forfeiture ordering defendant David M. Burden to forfeit $6,783.00 in United States Currency.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  In addition to the special conditions of probation/supervised release imposed above, it is hereby Ordered that the general conditions of probation/supervised release set out on the reverse side be imposed.

The defendant has been found not guilty on count eleven of the third superseding indictment and is discharged as to such count(s).

It is ordered that the defendant shall pay a Special Assessment of $100.00 each, for counts one, two, nine, ten, twelve, fourteen, fifteen, sixteen and seventeen, for a total Special Assessment of $900.00,  which shall be due immediately .

**BUREAU OF PRISONS**
The court recommends to the Bureau of Prisons:  The defendant shall be incarcerated at Otisville. The defendant shall participate in the 500 hour drug rehabilitation treatment program. The defendant is remanded to the custody of the U.S. Marshal for this district.

 **March 6, 2006**
Date of Imposition of Sentence

/s/Janet C. Hall

Date: **March 7, 2006**

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* _____
*Kevin F. Rowe, Clerk*
*BY:* _____
       *Deputy Clerk*