UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:00CR263(JCH) |
| | : | |
| v. | : | |
| | : | |
| DAVID "DMX" BURDEN | : | JULY 15, 2008 |

## GOVERNMENT'S INITIAL RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

On or about March 10, 2008, the defendant, through counsel, filed a motion for a reduction of his sentence under the new crack Guidelines, pursuant to 18 U.S.C. § 3582(c)(2) and 994(u), as well as Amendment 706 to the United States Sentencing Guidelines.

As set forth below, the defendant currently has an appeal pending before the Second Circuit, which is post-argument, awaiting decision. The government respectfully submits that the question of the defendant's eligibility for a reduction in his sentence is premature as this case is on direct appeal and therefore the Court is without jurisdiction to decide it. Accordingly, the government respectfully requests that this Court refrain from deciding the question whether the defendant qualifies for a reduction of his sentence under the new crack Guidelines, until the defendant's appeal is resolved.

According to the United States Bureau of Prisons, the defendant's estimated release date is currently August 7, 2020, so the defendant should not be prejudiced by holding off on deciding the defendant's eligibility for a sentence reduction until the defendant's direct appeal is resolved.

## I.    BACKGROUND

On or about December 17, 2001, a federal grand jury returned an indictment charging the defendant David M. Burden, a/k/a "Grady," a/k/a "DMX," a/k/a "X," (referred to herein as David

"DMX" Burden) and others with violations of the Racketeering Influenced and Corrupt

Organizations Act ("RICO"), violent crimes in aid of racketeering ("VCAR") and conspiring to

distribute cocaine and cocaine base. 18 U.S.C. §§ 1962(c), 1962(d), 1959(a); 21 U.S.C. §§ 846,

841(b)(1)(A). In addition to the RICO, VCAR and drug conspiracy charges, David "DMX"

Burden was charged with substantive counts of distributing cocaine as well as possession of a

nine millimeter handgun in furtherance of a drug trafficking crime. 21 U.S.C. § 841(a)(1); 18

U.S.C. § 924(c).

   On January 7, 2003, evidence began on the referenced charges against the defendant and

certain co-defendants.

   On February 11, 2003, the jury returned a verdict finding the defendant guilty of the

various racketeering, narcotics-related and weapons charges. Specifically, the jury found David

"DMX" Burden guilty of nine counts: Count One (Substantive RICO), Count Two (RICO

Conspiracy), Counts Nine, and Ten (VCAR), Count Twelve (Narcotics Conspiracy); Counts

Fourteen, Fifteen and Sixteen (Narcotics Distribution); and Count Seventeen (Use of a Firearm

During Drug Trafficking Offense). The jury also returned a criminal forfeiture verdict for $6,783

in cash.

   On November 24, 2003, the district court sentenced the defendant David "DMX" Burden

to 350 months in prison. On November 26, 2003, David "DMX" Burden timely filed a notice of

appeal pursuant to Rule 4(b)(1)(A). The judgment of conviction for David M. Burden entered on

December 5, 2003.

   At various times between the Fall of 2004 and early January 2005, David "DMX" Burden

and his co-defendants at trial filed their opening appellate briefs. On January 12, 2005, the

United States Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220

2

(2005), in which it held that the United States Sentencing Guidelines were no longer mandatory and binding on sentencing courts – a decision that was also applicable to pending cases, including those on appeal.  On February 2, 2005, the Second Circuit issued its decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), requiring the remand of certain cases on appeal so that the district court could consider whether it would have imposed a non-trivially different sentence if the Sentencing Guidelines had been advisory.

On February 14, 2005, the government moved the Second Circuit for a limited remand as to appellants David "DMX" Burden, David "QB" Burden and Jermain Buchanan pursuant to the Second Circuit's decision in *Crosby*.  Because Kelvin Burden had received a mandatory life sentence, the government simultaneously sought an extension of time to respond to Kelvin Burden's claims on appeal, so that it could file an omnibus response at the appropriate time, and so that the appeal of all of the trial defendants could proceed together.

On April 1, 2005, the Second Circuit issued an order granting the motion and remanding the cases of David "DMX" Burden, David "QB" Burden and Jermain Buchanan so that the district court could consider whether the sentences imposed upon them would have been non-trivially different and, if so, to resentence them accordingly.

After briefing from the parties, the *Crosby* remands of David "DMX" Burden, David "QB" Burden and Jermain Buchanan were disposed of by the district court.  Specifically, the district court, in written rulings, declined to hold a resentencing for David "QB" Burden and Jermain Buchanan, but ordered, and thereafter held, a resentencing for David "DMX" Burden, at which the court re-sentenced him to 264 months in prison.

After the completion of the *Crosby* remands, and at various times in the latter half of 2006, each of the trial defendants either re-submitted their opening briefs or filed new or

supplemental appellate briefs.  Their appeals reinstated, the appeal was again, ready to proceed.

In the meantime, on May 12, 2006, co-defendant (but non-trial defendant) Terrance Boyd took an appeal from the district court's decision declining to re-sentence him pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  That appeal was consolidated with that of the Burden trial defendants.  Over one year later, on May 17, 2007, Boyd filed his brief (which was the final brief that remained outstanding in the consolidated appeal).

On August 15, 2007, approximately ninety (90) days after the filing of the final appellant brief, the government filed its omnibus brief in response to all five appellants.

On May 9, 2007, the appeal was heard before Second Circuit Judges Peter W. Hall and Debra Ann Livingston, and Eighth Circuit Judge John R. Gibson, who sat by designation.  The appeal remains pending, awaiting a ruling.  *See United States v. Boyd, et al*, 03-1727 (2d Cir.).

## II.    THE COURT SHOULD REFRAIN FROM DECIDING THE DEFENDANT'S MOTION UNTIL THE DEFENDANT'S DIRECT APPEAL IS RESOLVED.

As noted above, the defendant's direct appeal – which challenges, among other things, his conviction at trial – remains pending.  *See United States v. Boyd, et al*, 03-1727 (2d Cir.).  David "DMX" Burden's appeal, consolidated with that of the Burden trial defendants and co-defendant Terrance Boyd, was argued before the Second Circuit on May 9, 2008.  During oral argument, the question of which defendants on appeal might be eligible for a remand for resentencing – either under the new crack sentencing guidelines or under *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008) – also arose.[1]

---

[1]  It appears that under some circumstances, the Second Circuit has itself addressed the question of an appellant's eligibility for resentencing under changes in the law relating to cases involving crack cocaine, at least in connection with the question whether a remand for resentencing under *Regalado* is necessary.  *See*, *e.g.*, *United States v. Ogman*, No. 06-0203-cr, 2008 WL 925320 (2d Cir. Apr. 7, 2008) (remand for resentencing for possession with intent to distribute cocaine base and for conspiracy to possess cocaine with intent to distribute was not

As a general matter, the filing of a notice of appeal confers jurisdiction over the matter in the court of appeals and divests the district court over the aspects of the case that are involved in the appeal. *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). A district court does not generally regain that jurisdiction until the appeal has been determined and the mandate has been issued by the Court of Appeals. *United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988). This rule of divestiture of jurisdiction was judicially developed in the interests of judicial economy and intended "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989). *Accord*, *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (district court lacks jurisdiction to correct sentence when case is on direct appeal); *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987) (same).

As the defendant's direct appeal remains pending, the government respectfully submits that the Court is currently without jurisdiction to address the question of the defendant's eligibility for a sentence reduction. The government respectfully submits that it is not in the interests of judicial economy for this court to be entertaining the question of the defendant's eligibility for a reduction in sentence at the same time that the appellate court is reviewing, among other issues, his conviction at trial – and where the Second Circuit may well offer its view whether the defendant's case should be remanded for resentencing – either under the new crack sentencing guidelines or under *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008).

---

warranted where guidelines range applied to defendant's case was not result of crack ratio, but rather the defendant's status as career offender). This may be an additional reason to await the resolution of the defendant's appeal.

Accordingly, the government respectfully requests that the Court refrain from deciding the issue of the defendant's eligibility for a sentence reduction until the defendant's appeal is resolved.  According to the United States Bureau of Prisons, the defendant's estimated release date is currently August 7, 2020, so the defendant should not be prejudiced by any delay from awaiting the resolution of the defendant's direct appeal.

III.    **CONCLUSION**

For the reasons stated above, the government respectfully submits that the court should refrain from deciding the defendant's motion until the defendant's direct appeal is resolved, at which time the government will submit a supplemental brief addressing the merits of the defendant's motion.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

/s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct19105
United States Attorney's Office
157 Church Street, 23d Floor
New Haven, CT 06510
(203) 821-3700
(203) 821-3829 (fax)
Stephen.Reynolds@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, including the defendant and his counsel identified below, as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

David Burden
Reg. No. 14231-014
FCI Fort Dix
Federal Correctional Institution
P. O. Box 2000
Fort Dix, New Jersey 08640

Timothy P. Aspinwall, Esq.
Aspinwall & Aspinwall
3200 Main Street
Stratford, Connecticut 06614
(203) 377-7348
(203) 378-1836 (fax)
atty.aspinwall@sbcglobal.net

_/s/_____
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY